UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KENO RAMSAY | : |
| | : |
| | : **ECF CASE** |
| Plaintiff | : |
| | : **SECOND AMENDED AND** |
| v. | : **SUPPLEMENTAL** |
| | : **COMPLAINT** |
| TROY EMKE, JOSHUA REINHARDT, CHARLES | : |
| DESALVO, TYLOR HILTON, MOLLY FISCHER, | : **23-CV-0964 (JLS)** |
| BRANDI LYNN CORIGLIANO, NICHOLAS LOCK, | : |
| ROBERT MOSKO, MICHAEL COLUMBAI, | : |
| HARMON KENT, JEFFREY BURRI, NICHOLAS | : |
| SUED, TIMOTHY DOWNS, JOSHUA HARRISON, | : |
| NICHOLAS MAIORANA and JASON HENDERSON | : |
| | : |
| Defendants. | : |

---

Plaintiff Keno Ramsay, by and through his *pro bono* counsel, Agnew & Morrison, amends and supplements his complaint as follows:

## PRELIMINARY STATEMENT

This is a civil rights action filed by Keno Ramsay ("Mr. Ramsay" or "Plaintiff"), a severely mentally ill incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Mr. Ramay is presently incarcerated at Great Meadow Correctional Facility ("Great Meadow"). Mr. Ramsay's claims are brought pursuant to 42 U.S.C. § 1983 for violations of his rights secured by the Eighth Amendment to the United States Constitution for excessive force, failure to protect, and deliberate indifference to medical needs. DOCCS operates units in prisons defined as Regional Mental Health Units ("RMHU") which are operated in conjunction with the New York State Office of Mental Health ("OMH"). Due to their severe mental health issues and relative isolation, patients housed in

RMHUs suffer serious violence at the hands of correctional staff, as well as deprivations of rights far worse than their cohort housed in general population. This lawsuit stems from the resulting violations of federal rights suffered by Plaintiff while housed in the Five Points Correctional Facility ("Five Points") and Attica Correctional Facility ("Attica") RMHUs.

## JURISDICTION & VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(3).

2. The Western District of New York is an appropriate venue under 28 U.S.C.§ 1391 (b) (1) and (2).

## JURY DEMAND

3. Plaintiff demands a trial by jury.

## PARTIES and STATE ACTORS

4. **Plaintiff Keno Ramsay** ("Plaintiff" or "Mr. Ramsay") is and was at all relevant times a severely mentally ill individual who has been in DOCCS' custody since June of 2021.

5. **New York State Department of Corrections and Community Supervision** ("DOCCS") is responsible for the care, custody, and control of incarcerated individuals in the custody of the State of New York. DOCCS receives federal and state funding to support their programs and services. DOCCS is sued under the ADA and Rehabilitation Act.

6. **Defendant Troy Emke** ("Defendant Emke") is the Correctional Sergeant at Attica. Defendant Emke is sued in his individual capacity.

7. **Defendant Nicholas Maiorana** ("Defendant Maiorana") is a Corrections Officer at Attica. Defendant Maiorana is sued in his individual capacity.

8.      **Defendant Joshua Reinhardt ("Defendant Reinhardt")** is a Correctional Officer at Attica. He is sued in his individual capacity.

9.      **Defendant Charles DeSalvo, Jr.** ("Defendant DeSalvo") is a Correctional Officer at Attica.  Defendant DeSalvo is sued in his individual capacity.

10.     **Defendant Tylor Hilton** ("Defendant Hilton") is a Correctional Officer at Attica. Defendant Hilton is sued in his individual capacity.

11.     **Defendant Molly Fischer** ("Defendant Fischer") is a Nurse Practitioner at Five Points.  Defendant Fischer is sued in her individual capacity.

12.     **Defendant Brandi Lynn Corigliano** ("Defendant Corigliano") is a Nurse Practitioner at Marcy Correctional Facility ("Marcy").  Defendant Corigliano is sued in her individual capacity.

13.     **Defendant Nicholas Lock** ("Defendant Lock") is a Corrections Officer employed by DOCCS at Five Points.  Defendant Lock is sued in his individual capacity.

14.     **Defendant Robert Mosko** ("Defendant Mosko") is a Corrections Officer employed by DOCCS at Five Points.   Defendant Mosko is sued in his individual capacity.

15.     **Defendant Michael Columbai** ("Defendant Columbai") is a Corrections Officer employed by DOCCS at Five Points. Defendant Columbai is sued in his individual capacity.

16.     **Defendant Harmon Kent** ("Defendant Kent") is a Corrections Officer employed by DOCCS at Five Points.  Defendant Kent is sued in his individual capacity.

17.     **Defendant Jeffrey Burri** ("Defendant Burri") is a Corrections Officer employed by DOCCS at Five Points.  Defendant Burri is sued in his individual capacity.

18.     **Defendant Nicholas Sued** ("Defendant Sued") is a Corrections Officer employed by DOCCS at Five Points.  Defendant Sued is sued in his individual capacity.

19.     **Defendant Timothy Downs** ("Defendant Downs") is a Corrections Officer employed by DOCCS at Five Points.  Defendant Downs is sued in his individual capacity.

20.     **Defendant Joshua Harrison** ("Defendant Harrison") is a Corrections Officer employed by DOCCS at Five Points.  Defendant Harrison is sued in his individual capacity.

21.     **Defendant Jason Henderson** ("Defendant Henderson") is a Corrections Officer employed by DOCCS at Five Points.  Defendant Henderson is sued in his individual capacity.

## FACTUAL ALLEGATIONS

22.     Plaintiff is a twenty-eight-year-old, mentally ill prisoner serving two to four years for promoting prison contraband.

23.     Plaintiff is often housed by DOCCS in Regional Mental Health Units ("RMHUs") due to his need for heightened mental health care.

24.     Unfortunately, the RMHUs in DOCCS' facilities – including those at Attica, Five Points, and Marcy are infamous for the amount of excessive force used by Corrections Officers against patients housed there.

25.     Patients in the RMHUs suffer from a panoply of mental health issues, including schizophrenia and other serious mental issues, which officers are not trained to identify or consider.  The patients in the RMHUs are also deemed unbelievable and uncredible given their mental health issues.  The patients' reports of flagrant abuse and neglect are discounted by administration.

**July 14, 2021 - Failure to Protect and Excessive Force – Attica**

26.     On or about July 14, 2021, Mr. Ramsay was housed in the Attica RMHU.

4

27.     While Mr. Ramsay was in the A Block lobby waiting to go to the yard for recreation, Defendant Emke stopped Plaintiff and pulled him from the line of prisoners. Emke put Mr. Ramsay on the wall for a pat frisk.

28.     Other Corrections Officers collected around Mr. Ramsay who was facing the wall for the pat frisk. Emke stated, "this is how we like it," and Defendant Maiorana proceeded to sexually assault Mr. Ramsay instead of conducting a pat frisk.

29.     Defendant Maiorana told Plaintiff not to look back and then pulled Mr. Ramsay's sweatshirt and t-shirt out of his pants. He then pulled Mr. Ramsay's pants and underwear down exposing Mr. Ramsay's buttocks. Instead of proceeding with a normal pat frisk, Defendant Maiorana handled Mr. Ramsay's private parts from behind in an excessive manner exposing Mr. Ramsay to all observers. Doe fondled Mr. Ramsay's private parts instead of quickly swiping to confirm the absence of contraband. Defendant Maiorana then spread Mr. Ramsay's cheeks with no indication that a strip frisk was being conducted nor any of the protocols that must be followed for a strip frisk.

30.     The observing Corrections Officer made lewd comments intending to degrade Mr. Ramsay.

31.     When Defendant Maiorana was finished, Mr. Ramsay asked Defendant Emke to file a PREA complaint and Emke denied him.

**July 30, 2021 - Excessive Force - Attica and Deliberate Indifference to Medical Needs**

32.     On July 30, 2021, Mr. Ramsay was removed from a disciplinary hearing at Attica and was escorted back to his cell.

33.     Defendant Reinhardt ordered Plaintiff against the wall and Plaintiff pulled back one hand from the wall for 2 to 3 seconds after being ordered against the wall.

34. In an inappropriate and excessive response, Defendant Reinhardt pulled Mr. Ramsay off the wall, forced him to the ground and beat him.

35. Defendant Reinhardt punched Mr. Ramsay in the left eye, causing bleeding and creating bruising around the eye. Defendant Reinhardt also kicked Mr. Ramsay while he was on the ground. Defendant Reinhardt held Plaintiff on the ground until several other guards came and started assaulting him as well.

36. Defendants placed handcuffs on Plaintiff, and he was pulled off the ground to his feet and held in A lobby awaiting a move to the SHU.

37. Defendants DeSalvo and Hilton then located themselves behind Mr. Ramsay and slammed Mr. Ramsay's head into the wall. While they forced Mr. Ramsay's head into the wall, the Defendants purposefully squeezed the handcuffs into Plaintiff's wrists cutting into the skin. DeSalva and Hilton also bent Mr. Ramsay's left finger breaking it.

38. Mr. Ramsay suffered vision issues, knee pain, pain in both shoulders, as well as a broken finger. Eventually, he had to have surgery on his finger and hand to correct the fracture.

39. Mr. Ramsay sought medical attention repeatedly from his SHU location, submitting more than 30 sick call slips. No medical provider ever came to see him.

40. Mr. Ramsay was eventually transferred to Marcy Correctional Facility where he immediately reported his injuries and broken finger to Nurse DeRocco. When Mr. Ramsay was eventually seen by Defendant Corigliano she denied Mr. Ramsay an X Ray of his hand stating that he was "young" and would "heal on [his] own."

41. Defendant Corigliano made no effort to work up Mr. Ramsay's complaints about his hand injury, nor to treat his pain.

6

42. On multiple occasions, Mr. Ramsay reported his pain and requested at least diagnostic Xrays. Each time, Defendant Corigliano refused to conduct even basic diagnostic assessments or provide him with a hand brace or pain management.

43. Mr. Ramsay was eventually transferred to Five Points and the care of Nurse Practitioner Molly Fischer. Again, Mr. Ramsay reported his injuries and requested diagnostic Xrays to assess the cause of his persistent pain and obvious hand deformity.

44. Defendant Fischer did not bother to order a basic Xray for ten months, despite Mr. Ramsay's persistent complaints of both pain and lack of diagnosis. When the Xray was finally completed it was obvious Mr. Ramsay required surgical intervention.

45. Finally, on March 11, 2023, Mr. Ramsay had surgery to fix his finger – over nineteen months after the injury.

**June 29, 2022 – Excessive Force - Five Points**

46. On or about June 29, 2022, DOCCS was housing Mr. Ramsay at the Five Points RMHU and Defendants Mosko, Lock and Henderson were escorting him to his cell.

47. Upon approaching his cell, Mr. Ramsay saw that some sort of deprivation order had been effectuated and all of his personal property had been removed from his cell: including his mattress, sheets, clothing, and toiletries.

48. Mr. Ramsay, in his frustration, may have turned and seemed to try and kick Defendant Henderson.

49. In response, Defendants Henderson, Lock, and Mosko pushed him into his cell while he was still handcuffed and he fell to the floor. Because he could not brace himself with his arms, Mr. Ramsay's head hit the floor.

50. Defendants Henderson, Lock, and Mosko then entered the cell. Defendant Henderson grabbed Mr. Ramsay by the neck, choked him, and demanded that Mr. Ramsay "beg for his momma." Mr. Ramsay eventually passed out due to the lack of oxygen. When he came to, Defendant Henderson still had his hands about Mr. Ramsay's neck and Defendants Mosko and Lock were punching and kicking him.

51. The attack caused Mr. Ramsay injury to his neck, shoulders, lower back and right knee.

**July 18, 2022 – Excessive Force – Five Points**

52. On or about July 18, 2022, Mr. Ramsay was being held in the Five Points RMHU and was attending programming in a class room. Mr. Ramsay's ankle was shackled to his desk.

53. Defendant Columbia ordered Mr. Ramsay back to his cell to put on an exposure suit. Exposure suits are full body jump suits which have a zipper up the back secured at the top by a pad lock. The purpose of the suit is to deter a mentally ill inmate from exposing him or herself, but an exposure suit must be ordered in response to aberrant behavior.

54. Mr. Ramsay informed Defendant Columbia that he was no longer under an exposure suit order per Sergeant Smith.

55. Defendant Columbia responded, "Sergeant Smith does not run me" and ordered Mr. Ramsay back to his cell. At that point, Sergeant Christopher Balch entered the classroom and told Defendant Columbia that, indeed, Mr. Ramsay no longer had an exposure suit order.

56. Two hours later, the class supervisor told Ramsay that he was being ordered back to his cell by Defendant Columbia. Plaintiff refused and asked to see a Lieutenant. Defendant Columbia then grabbed Plaintiff by the ear and pulled with great force, causing Mr. Ramsay pain.

57. Ear pulling is not an approved form of pain compliance nor force used on prisoners.

8

**June 19, 2023 – Excessive Force – Defendants Kent and Columbai**

58. On or about June 19, 2023, Mr. Ramsay was being held in the RMHU at Five Points. Defendants Kent and Columbai were escorting Mr. Ramsay to another location in the facility and Defendant Kent slammed Plaintiff's face into the wall for no reason.

59. Kent then pushed Mr. Ramsay down to the floor.

60. Defendants Kent and Columbai kicked and punched Mr. Ramsay repeatedly while he was on the floor.

61. The excessive force resulted in scarring on the left side of Plaintiff's face as well as swelling and bruising.

**June 21, 2023 – Excessive Force – Defendants Burri, Sued, Downs and Harrison**

62. On or about June 21, 2023, Mr. Ramsay was in the infirmary at Five Points – where there are no cameras – and was assaulted by Defendants Burri, Sued, Downs, and Harrison as they were supposed to be escorting him back to the RMHU.

63. The Defendants came to Mr. Ramsay's holding cell in the infirmary although none had a hand-held camera as they would for a bona fide extraction.

64. Defendant Burri used a key to open the door to Mr. Ramsay's holding cell and all four defendants rushed into the cell.

65. The Defendants pushed Mr. Ramsay down to the floor and started to severely beat him. The Defendants punched and kicked Mr. Ramsay about the face, head and body.

66. Defendants also kicked and stomped on Mr. Ramsay's legs and ankles.

67. Plaintiff repeatedly requested medical attention from the medical staff at Five Points but was administered none.

9

68. Mr. Ramsay's injuries were so severe that over the course of the next month he lost an excessive amount of weight due to the pain.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983 – Failure to Protect*
**(Against Defendant Emke in his individual capacity)**

69. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

70. On or about July 14, 2021, Defendant Emke, a Correctional Sergeant stood by while Defendant Maiorana sexually assaulted Plaintiff.

71. At all times during the assault, Defendant Emke had the opportunity and authority to abate the assault but did not do so.

72. In fact, Defendant Emke pre-determined the assault by goading on Defendant Maiorana into perpetrating the sexual assault.

## SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 – Excessive Force*
**(Against Defendants Maiorana, Reinhardt, DeSalvo, Hilton, Lock, Mosco, Columbai, Kent, Burri, Sued, Downs and Henderson in their individual capacities)**

73. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

74. On or about July 14, 2021, Defendant Maiorana sexually assaulted Plaintiff while deviating from pat frisk protocol, exposing Mr. Ramsay's private parts and handling them with his hands in an egregious and unnecessary manner.

75. On or about July 30, 2021, Defendants Reinhardt, DeSalvo, and Hilton were escorting Mr. Ramsay and ordered him against the wall. When Mr. Ramsay removed a hand from

the wall for mere seconds, Defendants Reinhardt, DeSalvo, and Hilton beat Mr. Ramsay causing him a black eye, body injuries and breaking his finger.

76. On or about June 29, 2022, at Five Points, Defendants Henderson, Mosko and Lock pushed Mr. Ramsay onto the floor of his cell while he was handcuffed. After he hit the floor, Defendant Henderson choked Mr. Ramsay while telling him to "beg for his momma," and Defendants Mosko and Lock punched and kicked him.

77. On or about July 18, 2022, while Mr. Ramsay was attending programming in the Five Points RMHU, Officer Columbia became upset when Mr. Ramsay refused to return to his cell to put on an exposure suit. Defendant Columbia grabbed and twisted Mr. Ramsay's ear to cause him pain and to punish him.

78. On or about June 19, 2023, Defendants Columbia and Kent slammed the side of Mr. Ramsay's face into a wall. They then pushed him to the floor and once he was there, kicked and punched Mr. Ramsay. The attack caused Mr. Ramsay a scar on the left side of his face, swelling, bruising and pain.

79. On or about June 21, 2023, Defendants Burri, Sued, Downs, and Harrison were supposed to escort Plaintiff from the infirmary to the RMHU. All Defendants rushed into the cell where Mr. Ramsay was housed and began beating him all over his face and body. Mr. Ramsay suffered bruising and injuries to his head and body. As a result of the beating and the related pain, Mr. Ramsay lost a great deal of weight and suffered.

### THIRD CAUSE OF ACTION
*42 U.S.C. § 1983 – Eighth Amendment – Deliberate Indifference to Medical Need*
**(Against Defendants Fischer and Corigliano in their individual capacities)**

80. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

81. After Mr. Ramsay suffered the beating of July 21, 2021, he was transferred to Marcy Correctional Facility's RMHU. There Brandi Lynn Corigliano was his assigned medical provider.

82. Despite Mr. Ramsay's repeated complaints of pain and loss of function in his hand, Ms. Corigliano refused to administer pain management or order X-rays to properly diagnose the injury. Instead, she told him he was "young" and would "heal." Defendant Corigliano denied Mr. Ramsay necessary and effective medical treatment and diagnostic work up.

83. When Mr. Ramsay was transferred to Five Points RMU and the care of Molly Fischer he also repeatedly asked him to conduct a simple Xray of his hand to diagnose the source of his pain and lack of function.

84. Without medical justification, Defendant Fischer refused Mr. Ramsay pain management and diagnostic work-up for ten months.

85. When an Xray was finally conducted, it was determined that Mr. Ramsay required surgery on his finger. Surgery was finally performed almost two years after the original injury.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor as follows:

86. Awarding compensatory and punitive damages.

87. Awarding Plaintiff's reasonable attorneys' fees, costs, disbursements, and other litigation expenses, pursuant to 42 U.S.C. § 1988(b).

88. Ordering such other and further relief as the Court may deem just and proper.

Dated: October 31, 2024
New York, New York

        **AGNEW & MORRISON**

By: */s/ AJ Agnew*
Amy Jane Agnew
*Pro Bono Counsel for Plaintiff*
24 Fifth Avenue, Suite 1701
New York, New York 10011
(973) 600-1724
aj@ajagnew.com